THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYDIA DAVENPORT, Tenured Chicago Public School Teacher, | ) ) No. 09 C 1778 |
| Plaintiff, | ) ) |
| v. | ) Judge Darrah ) |
| CHICAGO BOARD OF EDUCATION, | ) Magistrate Judge Denlow ) |
| Defendant. | ) |

## DEFENDANT'S MOTION FOR INTERLOCUTORY JUDGMENT BASED ON RECENT SEVENTH CIRCUIT RULING IN *LINDSEY v. WALGREEN*

Defendant Board of Education of the City of Chicago ("Board"), by one of its attorneys, Assistant General Counsel Sunil Kumar, moves pursuant to Fed. R. Civ. P. 56(d) for interlocutory judgment in its favor based on the Court of Appeals' August 11, 2010 ruling in *Lindsey v. Walgreen*, 2010 WL 3156549 (7th Cir. 2010)(attached as Exh. A). In support, the Board states as follows:

### UNDISPUTED MATERIAL FACTS

Plaintiff is a former tenured teacher who was dismissed from the Board's employ on December 19, 2007. She alleges that her supervisor – principal Kathleen Singleton ("Singleton") – made ageist remarks to her, that age was a determinative factor in the Board's decision to discharge her, and that her dismissal violated the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA").

Singleton denies that she made any ageist remarks, and states that Plaintiff's work performance was poor for many years, as indicated by the performance related feedback Plaintiff received from her and others on her administrative team, namely assistant principal Terri Thomas and Lead Literacy Teacher Joanne Boerner. Plaintiff was born in 1947 and was 60

years old when she was terminated. Singleton was born in 1950 and was 57 years old when Plaintiff was terminated.

Pursuant to 105 ILCS 5/34-85, the Chief Executive Officer of the Board ("Board CEO") filed written Charges with the Illinois State Board of Education ("ISBE") that Plaintiff's performance was unsatisfactory. The Charges triggered a due process hearing before an independent administrative law judge ("ALJ") appointed by ISBE, on the issue of whether the Board should dismiss Plaintiff from its employ. The burden of proof at the hearing, by a preponderance of evidence standard, was on the Board's CEO.

Pursuant to the provisions of 105 ILCS 5/34-85, Plaintiff was represented by counsel throughout the dismissal proceedings. (See ALJ's Findings and Recommendation, attached as Exh. B). Prior to the dismissal trial Plaintiff received and availed herself of the opportunity to conduct discovery. The dismissal trial lasted six days. At trial, Plaintiff testified and received the opportunity to call witnesses on her behalf, submitted oral and written evidence to the ALJ in support of her position that she should not be terminated, cross-examined the Board CEO's witnesses and received an opportunity to rebut his evidence, and submitted a written post-hearing brief and closing argument to the ALJ through her attorney. *Id.*

During the dismissal trial, Plaintiff made no allegation of age discrimination or of ageist comments by Singleton.[1] Plaintiff admits as such in the parties' pre-trial memorandum.

On October 31, 2007, the ALJ issued a written ruling and opinion in which he recommended that the Board dismiss Plaintiff from its employ. (See Exh. B - ALJ Findings and Recommendation). On December 19, 2007, the Members of the Board adopted the ALJ's

---

[1] The Board has a comprehensive non-discrimination policy that provides an internal mechanism for employees to complain of discrimination. Plaintiff did not file any internal complaint of discrimination with the Board.

2

findings and recommendation, entered a written resolution to that effect, and terminated Plaintiff's employment. (Board Resolution of Plaintiff's Dismissal, attached as Exh. C).

## ARGUMENT

Plaintiff's position is that despite the facts above, the issue of her termination should proceed to trial because she has alleged that Singleton made ageist comments, which constitute direct evidence of discrimination. The Seventh Circuit's recent ruling in *Lindsey*, however, resoundingly rejects Plaintiff's theory of liability and warrants judgment in favor of the Board.

### I.  To prevail, Plaintiff must show that age was a determinative factor in her termination

To prevail on her ADEA claim, Plaintiff must show that the Board terminated her because of her age, and not due to other non-discriminatory factors such as the findings and recommendation by an ALJ that her performance was unsatisfactory. *Gross v. FBI Fin., Servs., Inc.*, --- U.S. ----, ----, 129 S.Ct. 2343, 2352, (2009); *Senske v. Sybase, Inc.*, 588 F.3d 501, 508-09 (7th Cir.2009)(there is no liability for mixed-motive under the ADEA).

It is not sufficient for a plaintiff to show that age was a motivating factor in her discharge; she must show that age was a determinative factor. *Id.*

### II.  Under the *Lindsey* analysis, Plaintiff cannot meet her required threshold showing that age was a determinative factor in her termination

The plaintiff in *Lindsey* was a 53 year old pharmacist who was fired from her job at Walgreens. *Lindsey*, 2010 WL 3156549, at *1 (attached as Exh. A). Lindsey alleged that she was subjected to disparaging ageist remarks by her supervisor, Akua Bamfo-Agyei ("Bamfo-Agyei"). *Id.* Although Bamfo-Agyei was Lindsey's direct supervisor, she did not have final authority to terminate Lindsey. Bamfo-Agyei therefore, reported the details of Lindsey's poor performance to the final decision maker for employee terminations, *i.e.*, to Jenkins. *Id.* Jenkins

3

investigated the report of poor performance, reached the same conclusion as the direct supervisor who allegedly made the ageist comments, and terminated Lindsey's employment. *Id.* at *2.

Lindsey alleged in her suit that Jenkins' investigation was inadequate because she did not solicit Lindsey's side of the story regarding the poor performance at issue. *Id.* Lindsey presented several theories of age discrimination to the court, including the "cat's paw" theory. *Id.* "The term 'cat's paw' refers to an unbiased decisionmaker who is being used as a tool by a biased employee." *Id.* Lindsey argued that she was entitled to a trial because "Jenkins decided to fire her after 'blindly relying' on biased information from Bamfo-Agyei." *Id.*

The *Lindsey* court rejected all of Lindsey's theories of liability. *Id.* at *2-3. A similar ruling is warranted by this court because the facts in this action are strikingly similar to the facts in *Lindsey*. Notably, the differences in material facts between *Lindsey* and the instant action inure to the Board's benefit, and present a stronger basis than in *Lindsey* to enter judgment in favor of the employer.

Here, as in *Lindsey*, the direct supervisor (principal Singleton) is alleged to have made ageist remarks to Plaintiff. Here, as in *Lindsey*, Singleton did not have authority to terminate Plaintiff. As a matter of law and fact, the right to terminate an employee is vested solely with the Board, and not with its school principals. 105 ILCS 5/34-8.1 ("The right to employ, discharge and layoff shall be vested solely with the Board ... "). Here, as in *Lindsey*, principal Singleton forwarded her assessment of Plaintiff's unsatisfactory performance to the final decision maker, *i.e.*, to the Board. Finally, here, as in *Lindsey*, the final decision maker concluded that Plaintiff's performance was unsatisfactory and discharged her from its employ.

Unlike in *Lindsey* however, where the Plaintiff was not afforded the opportunity to rebut the alleged ageist supervisor's assessment of her performance, Plaintiff was afforded the

4

statutory due process of a six day trial before an independent ALJ, during which she was represented by counsel. Unlike in *Lindsey*, Plaintiff was afforded pre-dismissal-trial discovery. Unlike in *Lindsey*, Plaintiff testified on her own behalf, presented witnesses and written evidence, cross examined the CEO's witnesses, and submitted a post-hearing brief through her attorney. (See Exh. B, ALJ's Findings and Recommendation).

Here, unlike in *Lindsey*, after hearing from multiple witnesses and analyzing the evidence of Plaintiff's performance, an independent ALJ recommended that the Board terminate her employment, which the Board adopted. Patently therefore, the ALJ's recommendation was more of an independent intervening factor between the alleged ageist supervisor and Plaintiff's discharge, as compared to the plaintiff's discharge in *Lindsey* which was not as significantly attenuated from the alleged ageist supervisor.

Plaintiff states in the parties' pre-trial memorandum that age discrimination was neither "raised [n]or considered" by the ALJ during her dismissal trial. This fact however, further strengthens the Board argument that judgment be entered in its favor. It is undisputed that based on the evidentiary record from trial, the Board adopted the ALJ's recommendation of discharge. Given that Plaintiff never raised age discrimination as an issue or defense during her dismissal trial, her age could not have been a *determinative* factor in the Board's decision to terminate her employment. See *Lindsey*, 2010 WL 3156549, at *2.

Plaintiff has not identified a single witness, nor any document among more than 600 she has marked as trial exhibits in the pre-trial order, that can rebut the Board's position that Plaintiff was not terminated because of her age, but rather because it adopted, via formal resolution, the independent ALJ's finding that her performance was unsatisfactory and his recommendation of

discharge. Plaintiff's age discrimination claim related to her discharge, therefore, fails as a matter of law. *Id.*

III. **A mixed-motive theory of liability will not resuscitate Plaintiff's claim**

To the extent that Plaintiff argues that her claim should nevertheless be permitted to proceed to trial under a mixed-motive theory, her argument should be rejected. " . . . [P]roof that the plaintiff's age was a motivating factor, but not a determinative factor, in the employer's decision, will not suffice to establish the employer's liability." *Serwatka v. Rockwell Automation, Inc.*, 591 F.3d 957, 961 (7th Cir., 2010), citing citing *Gross*, 129 S. Ct. at 2352.

## CONCLUSION

For the foregoing reasons, the Board respectfully prays for a summary ruling in its favor.

Respectfully submitted,

PATRICK J. ROCKS
General Counsel

By: s/Sunil Kumar
Sunil Kumar
Sabrina Haake
Assistant General Counsel
Chicago Board of Education
125 South Clark Street, Suite 700
Chicago, Illinois 60603
(773) 553-1700

## CERTIFICATE OF SERVICE

I, Sunil Kumar, certify that I caused the attached **DEFENDANT'S MOTION FOR INTERLOCUTORY JUDGMENT BASED ON RECENT SEVENTH CIRCUIT RULING IN *LINDSEY v. WALGREEN*** to be served upon counsel of record *via* CM-ECF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C), on this 23rd day of August, 2010.

s/Sunil Kumar